# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **DRFIRST.COM, INC.,**<br>9420 Key West Avenue, Suite 101<br>Rockville, MD 20850,<br>Montgomery County,<br><br>Plaintiff,<br><br>v.<br><br>**IPRESCRIBE EXERCISE LLP,**<br>111 Beaconfield Road,<br>Epping, CM 5AT, United Kingdom,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br><br>**JURY TRIAL<br>DEMANDED** |

## COMPLAINT

Plaintiff DrFirst.com, Inc. ("DrFirst"), alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

### NATURE OF THE ACTION

1. This is a civil action for trademark infringement, unfair competition, and cybersquatting under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and/or Maryland statutory and common law. DrFirst seeks equitable and monetary relief from Defendant iPrescribe Exercise LLP's willful violations of DrFirst's rights in its well-known mark iPrescribe and other variations (individually and collectively the "iPrescribe Marks").

2. DrFirst has used the iPrescribe Marks in commerce since at least 2009 in connection with electronic prescription management and other medical/wellness-related services. DrFirst's mobile application ("app"), iPrescribe, which is available on the Apple App Store, is a leading app that connects medical professionals and patients throughout the country. Defendant

created an app called iPrescribe Exercise, which is also available as a "medical" app in the Apple App Store, and which purports to offer a "personalized health prescription" and related medical/wellness services. By using the name and marks iPrescribe, iPrescribe Exercise, iPrescribeExercise (and Design), and other variations (individually and collectively the "Unauthorized iPrescribe Marks") for its app, website, and medical/wellness-related services, Defendant has violated DrFirst's trademark rights and has misappropriated DrFirst's hard-earned reputation and goodwill for Defendant's own gain at the expense of both DrFirst and the public.

3. DrFirst seeks both injunctive and monetary relief as a result of Defendant's knowing, willful, and continuing violation of DrFirst's rights.

## PARTIES

4. Plaintiff DrFirst.com, Inc. is a Delaware corporation, located at 9420 Key West Avenue, Suite 101, Rockville, Maryland, 20850.

5. Defendant iPrescribe Exercise LLP is an English/Welsh Limited Liability Partnership, located at 111 Beaconfield Road, Epping, CM 5AT, United Kingdom.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). The Court has supplemental jurisdiction over DrFirst's state-law claims pursuant to 28 U.S.C. § 1367(a) because they are substantially related to its federal claims and arise out of the same case or controversy.

7. This Court has specific personal jurisdiction over Defendant because Defendant advertises and offers its app and services to consumers in Maryland and because Defendant has caused tortious injury in Maryland. Defendant's mobile app under the Unauthorized iPrescribe Marks has been available for download and downloaded in Maryland.

8.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to DrFirst's claims have occurred and are continuing to occur in this District, DrFirst operates here, and DrFirst has suffered damages in this District.

**DRFIRST, ITS IPRESCRIBE APP/MARKS, AND ITS SUBSTANTIAL GOODWILL**

9.      DrFirst has pioneered software solutions and services that provide real-time access to patient data, improve communication and collaboration at point of care and across caregivers, and enhance doctors' clinical views of patients to help drive better health outcomes. Since at least 2009, DrFirst has continuously used and promoted prescription management and related software and services in connection with the iPrescribe Marks.

10.     DrFirst's iPrescribe prescription management app is one of its most successful products. The iPrescribe app is HIPAA-compliant and, among other features, allows prescribing professionals to communicate with patients, issue drug prescriptions, view real-time medication history, view out-of-pocket costs based on patient insurance, and comply with state prescription drug monitoring programs. The iPrescribe app contains a secure text messaging feature that enables prescribers to communicate in real time with patients and care-team members.

11.     Considered the industry standard for providers nationwide, DrFirst's iPrescribe app is the first intelligent e-prescribing mobile app and mobile solution that allows physicians to issue prescriptions while complying with state prescription drug monitoring program requirements.

12.     The iPrescribe app can integrate with most leading electronic medical record and hospital information systems.

13.     DrFirst's iPrescribe app is available for download in the Apple App Store and the Google Play store and is classified in the Apple App Store in the "Medical" category.

14. Since launching its iPrescribe app, DrFirst has enjoyed tremendous commercial success and has invested substantial resources to advertise and promote its iPrescribe Marks and services to medical professionals and patients. More than 1,000 Maryland prescribers and more than 5,000 medical professionals use DrFirst's iPrescribe app.

15. Specifically, DrFirst has extensively promoted its iPrescribe Marks, app, and services in print publications, on signage at conferences and events, and on the Internet. Moreover, word-of-mouth referrals have always been an important and effective way of promoting DrFirst's iPrescribe Marks, app, and services.

16. DrFirst's iPrescribe app has been featured at conferences and events for medical professionals and medical technology specialists, including the 2018 Healthcare Information and Management Systems Society (HIMSS) Global Health Conference and Exhibition, a conference of nearly 45,000 health information professionals and clinicians around the world, held in Las Vegas, Nevada.

17. DrFirst's iPrescribe app has also been featured at the MEDITECH International MUSE Conferences in 2017 in Grapevine, Texas, and in 2018 in Orlando, Florida. The MEDITECH International MUSE Conference is a conference hosted by the largest independent group of MEDITECH users in the world. MEDITECH is a company that sells electronic health records software and services to more than 2,300 institutions worldwide.

18. In 2019, DrFirst's iPrescribe app became the first mobile application to integrate with the Maryland State Medical Society—the largest physician organization in Maryland—and with Maryland's state-designated health information exchange and operator of Maryland's state prescription drug monitoring program database ("CRISP").

19. Hundreds of organizations from at least thirty states use the iPrescribe app.

20.     DrFirst's iPrescribe app is the vendor of choice for numerous medical organizations, including the Med Chi, Maryland State Medical Society, which represents over 7,000 medical professionals; Connecticut State Medical Society, which represents more than 7,000 physicians in Connecticut; the New York State Psychiatric Association, which represents more than 3,800 practicing psychiatrists and residents throughout New York; the Medical Society of the State of New York, which represents over 15,000 primary care physicians in New York; the New York County Dental Society, which represents more than 2,000 dentists in New York County, New York; and the University of Maryland School of Dentistry.

21.     DrFirst has also used its iPrescribe app to aid in disaster relief efforts, by offering free access to its iPrescribe app for physicians, prescribers, and entities like the Red Cross during the Hurricane Harvey and Irma recovery efforts, including in Texas, Louisiana, Florida, Georgia, Alabama, Mississippi, South Carolina, and North Carolina.

22.     As a result of their distinctive nature and long-standing and extensive use, promotion, recognition, and commercial success, DrFirst's iPrescribe Marks have developed substantial goodwill in Maryland and throughout the United States.

**DEFENDANT AND ITS WRONGFUL ACTIVITIES**

23.     Defendant iPrescribe Exercise LLP is an English/Welsh limited liability partnership.

24.     Like DrFirst, Defendant offers medical and wellness-related services aimed to consumers in the United States.

25.     Without DrFirst's authorization or approval, Defendant has been using the Unauthorized iPrescribe Marks, including in connection with a mobile app.

26. Like DrFirst's iPrescribe app, Defendant's iPrescribe Exercise app is available on the Apple App Store.

27. DrFirst's iPrescribe app and Defendant's iPrescribe Exercise app are both categorized in the "Medical" category in the Apple App Store.

28. DrFirst's iPrescribe app and Defendant's iPrescribe Exercise app are the only two apps with the name "iPrescribe" in the Apple App Store.

29. Like DrFirst's iPrescribe app, Defendant's iPrescribe Exercise app enables users to input patient medical data and prescription information into the app. Defendant's iPrescribe Exercise app also contains a messaging feature that enables users to communicate with medical service providers. The iPrescribe Exercise app purports to provide several medical and diagnostic tools and services, including a "built-in cardiac monitor," the ability to calculate the user's heart rate using the iPhone camera flash, and the ability to calculate and diagnose the user's risk profile for cardiovascular and metabolic diseases.

30. Defendant's iPrescribe Exercise app encourages users to input patient medical history, medical conditions, and prescription information and to "Share your data with your doctor. Send a progress report to your doctor or health professional, or keep your data private to you and stored only on your phone."

31. Moreover, Defendant represents on its website that "[t]he medical conditions we can target with iPrescribe Exercise [include]: Cardiovascular disease (including previous heart attack/myocardial infarction, coronary heart disease, heart failure); Peripheral artery disease; Stroke (CVA); Hypertension (increased blood pressure); Type 1 diabetes; Type 2 diabetes; Metabolic syndrome; Hyperlipidemia (high cholesterol); Osteoarthritis (OA); Osteoporosis;

Cancer; COPD (chronic obstructive pulmonary disease); Asthma; Fibromyalgia; Parkinson's disease; Multiple Sclerosis; Depression; Stress; Anxiety; Dementia."

32. When downloaded onto an iPhone, DrFirst's iPrescribe app and Defendant's iPrescribe Exercise app are both labeled "iPrescribe" beneath the app icons:



33. Defendant registered, or caused to be registered, the domain name https://iprescribeexercise.com on or around March 26, 2016—well after the first use of DrFirst's iPrescribe Marks.

34. Defendant has been operating its website and iPrescribe Exercise app and offering its health and medical services under the Unauthorized iPrescribe Marks to consumers in Maryland and throughout the United States.

35. Defendant advertises and promotes its app and services in connection with the Unauthorized iPrescribe Marks on social media, including via the Twitter handle "@iprescribe_ex" and the "iPrescribeExercise" name on its Facebook page.

36. Upon information and belief, Defendant's iPrescribe Exercise app and website are targeted and advertised to, and accessed and used by, the consuming public in the United States and in Maryland.

37. As a result of Defendant's unauthorized activities, actual confusion has already occurred. For example, a consumer looking to download DrFirst's iPrescribe app has contacted DrFirst to ask which app on the Apple App Store belongs to DrFirst: DrFirst's iPrescribe app or Defendant's iPrescribe Exercise app.

38. DrFirst repeatedly asked Defendant to stop its infringing conduct, but Defendant refused.

39. Fully aware of DrFirst's rights, Defendant has acted knowingly, willfully, in reckless disregard of those rights, and in bad faith.

### INJURY TO DRFIRST AND THE PUBLIC

40. Defendant's use of the Unauthorized iPrescribe Marks is likely to cause confusion, mistake, and deception as to the source or origin of Defendant's services and is likely to falsely suggest a sponsorship, connection, or association between Defendant, its services, and/or its commercial activities with DrFirst.

41. Defendant's acts, described above, have damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure DrFirst and its iPrescribe Marks.

42. Defendant's acts, described above, have irreparably injured, and, if permitted to persist, will continue to irreparably injure the public, who has an interest in being free from confusion, mistake, or deception.

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement, False Designation**
**of Origin, Passing Off, and Unfair Competition**
<u>**Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)**</u>

43. DrFirst repeats and realleges each and every allegation set forth in Paragraphs 1 through 42 of this Complaint.

44. Defendant's actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant, their services, and/or their commercial activities by or with DrFirst, and thus constitute trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

**SECOND CLAIM FOR RELIEF**
**Cybersquatting Under Section**
<u>**43(d) of the Lanham Act, 15 U.S.C. § 1125(d)**</u>

45. DrFirst repeats and realleges each and every allegation set forth in Paragraphs 1 through 44 of this Complaint.

46. Defendant caused to be registered, registered, and/or used the <u>iprescribeexercise.com</u> domain name with a bad-faith intent to profit from DrFirst's iPrescribe Marks.

47. DrFirst's iPrescribe Marks were distinctive at the time Defendant caused to be registered, registered, and/or used the iprescribeexercise.com domain name.

48. The iprescribeexercise.com domain name is confusingly similar to DrFirst's iPrescribe Marks.

49. Defendant's actions, as described above, violate Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

**THIRD CLAIM FOR RELIEF**
**Unfair and Deceptive Trade Practices Under**
**Md. Code Com. Law § 13-301(1) and § 13-301(2)(ii)**

50. DrFirst repeats and realleges each and every allegation set forth in Paragraphs 1 through 49 of this Complaint.

51. Defendant's actions, as described above, constitute misleading representations likely to deceive or mislead consumers as to the origin, sponsorship, or approval of Defendant, its services, and its commercial activities by or with DrFirst, and its affiliation with or connection to DrFirst, and thus constitute unfair and deceptive trade practices under Md. Code Com. Law § 13-301(1) and § 13-301(2)(ii).

52. Defendant's use, without the consent of DrFirst, of colorable imitations of DrFirst's iPrescribe Marks in connection with the offering, distribution, and advertising of services, constitute misleading representations likely to deceive or mislead consumers as to the origin, sponsorship, or approval of Defendant, its products, and its commercial activities by or with DrFirst, and its affiliation with or connection to DrFirst, and thus constitute unfair and deceptive trade practices in violation of Md. Code Com. Law § 13-301(1) and § 13-301(2)(ii).

## FOURTH CLAIM FOR RELIEF
### Trademark Infringement, False Advertising, and Unfair Competition
### <u>Under Maryland Common Law</u>

53. DrFirst repeats and realleges each and every allegation set forth in Paragraphs 1 through 52 of this Complaint.

54. Defendant's actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with DrFirst, or as to the origin, sponsorship, or approval of Defendant, its services, and its commercial activities by or with DrFirst such that Defendant's acts constitute infringement of DrFirst's proprietary rights in its iPrescribe Marks, misappropriation of DrFirst's goodwill in its iPrescribe Marks, and unfair competition under Maryland common law.

### <u>JURY DEMAND</u>

Pursuant to Fed. R. Civ. P. 38, DrFirst respectfully demands a trial by jury on all issues properly triable by a jury in this action.

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, DrFirst respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including but not limited to the following:

A. An Order declaring that Defendant's use of the Unauthorized iPrescribe Marks and the <u>iprescribeexercise.com</u> domain name infringe DrFirst's iPrescribe Marks and constitute trademark infringement, unfair competition, and cybersquatting under federal and/or state law as detailed above;

      B.      A permanent injunction enjoining Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, and all persons in active concert or participation with any of them:

      1.      From using, registering, or seeking to register the iPrescribe Marks in any form, including but not limited to in connection with any other wording or designs, and from using any other marks, logos, designs, designations, trade names, domain names, or other indicators that are confusingly similar to DrFirst's iPrescribe Marks (including but not limited to any name or mark comprised of or containing iPrescribe);

      2.      From representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities undertaken by Defendant, are associated or connected in any way with DrFirst or sponsored by or affiliated with DrFirst in any way;

      3.      From assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs B(1)-(2);

      C.      An Order directing Defendant to destroy all signage, advertisements, promotional materials, stationery, forms, business cards, products, and/or any other materials and things that contain or bear the Unauthorized iPrescribe Marks, the iprescribeexercise.com domain name, or any other marks, logos, designs, designations, or indicators that are confusingly similar to DrFirst's iPrescribe Marks (including but not limited to any name or mark comprised of or containing iPrescribe or iPrescribeex or iPrescribe Exercise);

      D.      An Order directing Defendant (and the relevant Registrar) to transfer to DrFirst the iprescribeexercise.com domain name and all other domain names Defendant owns or controls

that contain or are identical or confusingly similar to DrFirst's iPrescribe Marks (including but not limited to any domain names comprised of or containing iPrescribe);

  E. An Order directing that, within thirty (30) days after the entry of the injunction, Defendant file with this Court and serve on DrFirst's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

  F. An Order requiring Defendant to pay statutory damages under 15 U.S.C. § 1117(d), on election by DrFirst, in an amount of one hundred thousand dollars ($100,000) for the registration and use of the iprescribeexercise.com domain name;

  G. An Order requiring Defendant to account for and pay to DrFirst any and all profits arising from the foregoing acts, and increasing such profits, in accordance with 15 U.S.C. § 1117 and other applicable laws;

  H. An Order requiring Defendant to pay DrFirst damages in an amount as yet undetermined caused by the foregoing acts, in accordance with 15 U.S.C. § 1117, Md. Code Com. Law § 13-408, and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws;

  I. An Order requiring Defendant to pay DrFirst all of its litigation expenses, including reasonable attorneys' fees and the costs of this action pursuant to 15 U.S.C. § 1117, Md. Code Com. Law § 13-408, and other applicable laws;

  J. An Order requiring Defendant to pay DrFirst punitive damages for trademark infringement and unfair competition under Maryland common law; and

  K. Other relief as the Court may deem appropriate.

Dated: December 4, 2019	Respectfully submitted,

*/s/ Douglas A. Rettew*
Douglas A. Rettew (Maryland Bar No. 29815)
Anna B. Naydonov (D. Md. Bar No. 21144)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, D.C.  20001-4413
(202) 408-4000 (phone)
(202) 408-4400 (fax)
Email:  doug.rettew@finnegan.com
Email:  anna.naydonov@finnegan.com

***Attorneys for Plaintiff
DrFirst.com, Inc.***